**IN THE UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF ALABAMA**

| | | |
|---|---|---|
| **HENRY R. SEAWELL, III &** | ) | |
| **KATHRYN D. SEAWELL,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. _____** |
| | ) | |
| **COLONIAL LIFE & ACCIDENT** | ) | |
| **INSURANCE COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## CLASS ACTION COMPLAINT

For their Complaint against Defendant Colonial Life & Accident Insurance Company ("Colonial"), Plaintiffs Henry R. Seawell & Kathryn D. Seawell ("Henry" and "Kathryn," and together the "Seawells") state as follows:

## INTRODUCTION

1.      This is a putative nationwide class action, brought under Fed. R. Civ. P. 23 and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), seeking declaratory and injunctive relief concerning the meaning of the pertinent provision in a cancer insurance policy and money damages for the Seawells and all other policyholders similarly situated.

2.      Colonial issues cancer insurance policies to insureds. The form cancer policy issued to the Seawells (the "Policy," copy attached as **Exhibit 1** hereto), and for which the Seawells have paid premiums for a number of years, provides coverage for "oral chemotherapy" drugs, in the amount of "the cost of the prescription for the day you have the prescription filled, up to the amount shown in the Schedule Page." The "Schedule Page" states the limit as follows: "THE AMOUNT CHARGED UP TO $400/DAY; ORAL CHEMOTHERAPY LIMITED TO $1200/MONTH." Like almost all other drugs, oral chemotherapy drugs are typically prescribed in multi-day cycles.

1

3.      Kathryn was diagnosed with metastatic breast cancer in 2016. Since October 2016, she has been treated using an oral chemotherapy and supportive/protective drug regimen. Her oral chemotherapy drug (Ibrance) is prescribed in 21-day-on, 7-day-off cycles – meaning she is prescribed the drug in a dispensation of a 21-day supply and takes that 21-day round, then goes for seven days off the drug, then repeats the total 28-day cycle.

4.      The current retail price of Kathryn's Ibrance exceeds $13,000 per month, but after her health insurance discounts, Kathryn has been paying $830.96 per month out of pocket in 2021. Thus, the Seawells expected Colonial to pick up the $1,200 maximum monthly allowance under the Policy, but Colonial claims it has no obligation to do so and has been reimbursing only $400 per month. Thus, this lawsuit.

5.      The legal dispute in this case – and it really is only a legal dispute - concerns the meaning of the phrase "cost of the prescription for the day you have the prescription filled" as to Kathryn's oral chemotherapy drug.

   a. Colonial contends that the phrase means the cost of the entire dispensation of medication – not just the cost "for the day you have the prescription filled," but the cost of the entire multi-day dispensation – meaning that a 21-day filled prescription gets only one $400 payment, regardless of the amount the insured is out.

   b. The Seawells contend that the phrase "cost of the prescription for the day you have the prescription filled" means just what it says – the cost of the prescription "for the day" – meaning that in a multi-day dispensation, there is coverage for the drug cost for each day in the month, up to the monthly cap in the Schedule (in this case, $1,200 per month).

Under Colonial's view, Kathryn is refunded $400 per month (except for those 1-2 months annually in which two 28-day cycles fall, in which event she is paid $800). Under the Seawells' view, Kathryn is to be reimbursed the entire $1,200 per month.

6.      Because Colonial is breaching its own reimbursement obligation, Kathryn has (since late 2016, and continuing now) lost approximately $8,800 annually in unpaid reimbursements from Colonial. And those losses continue to mount – she is expected to remain on this drug for the indefinite future. Colonial has issued the same cancer policy to many insureds across the United States, and Colonial has, presumably, taken the same position with respect to other cancer patients like Kathryn who are insureds under a similar policy.

7.      The Seawells bring this case for themselves and all others similarly situated, seeking a declaratory judgment regarding the meaning of the Policy provision relating to oral chemotherapy reimbursements; an injunction requiring Colonial to reimburse insureds for the cost of the prescription for each day up to the Scheduled monthly maximum; and damages for unpaid benefits.

## PARTIES, JURISDICTION, AND VENUE

8.      The Seawells are residents of Baldwin County, Alabama.

9.      Colonial is a foreign corporation organized and existing under the laws of South Carolina, with a principal place of business in the State of South Carolina. Its agent for service is Corporation Service Company, Inc., 641 South Lawrence Street, Montgomery, AL 36104.

10.      There is complete diversity of citizenship between the Seawells and Colonial.

11.      The amount in controversy as between the Seawells individually and Colonial exceeds $75,000, exclusive of interest and costs. Just as to the oral chemotherapy drug at issue, Colonial owes the Seawells approximately $8,800 per year for benefits going back almost six (6)

years, which alone would equal $52,800 in back benefits – again, only as to the oral chemotherapy drug, and only for past damages. In addition, the Seawells seek injunctive relief, the value of which is added to the amount in controversy and which would also equal $8,800 per year – thus, 2.6 years of injunctive relief plus the money damages for only the Seawells would cause their total relief sought to exceed $75,000 in total value.

12.    Under these circumstances, there is diversity jurisdiction as to the claims of the Seawells under 28 U.S.C. § 1332(b), and there would therefore be supplemental jurisdiction over the claims of any absent class members regardless of the amount in controversy as to such absent class members, under *Exxon Mobil Corp. v. Allapattah Services*, *Inc.*, 545 U.S. 546 (2005).

13.    Independent of the allegations in paragraph 8, there is also diversity jurisdiction under The Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). The parties are diverse in citizenship, as demonstrated above; and the aggregate amount in controversy between Colonial and the class members exceeds $5 million. 28 U.S.C. § 1332(d)(2). Taking the Seawells' $75,000 individual valuation, one would need only 67 class members similarly situated to reach the $5 million aggregate amount in controversy. Colonial has likely issued thousands of policies using the same form as the Policy issued to the Seawells, so it seems quite likely that more than 67 class members exist.

14.    Venue is proper in this district, in that the Seawells reside here and in that Colonial issued the policy herein.

## FACTS

15.    The Seawells purchased the Policy some years ago and have kept the Policy in force and effect at all relevant times.

4

16.    Under the Policy, benefits for Oral Chemotherapy are "limited to the cost of the prescription for the day you have the prescription filled, up to the amount shown in the Schedule Page." The Schedule Page caps monthly benefits for oral chemotherapy at $1,200.00.

17.    In 2016, Kathryn was diagnosed with metastatic breast cancer.

18.    Beginning in October, 2016, Kathryn's doctors prescribed an oral chemotherapy drug (Ibrance). The Ibrance is prescribed in 21-day cycles; thus, a dispensation of the drug when filled contains a 21-day prescription supply of the drug.

19.    The monthly retail cost of Ibrance in 2017 was $11,149.42; the current retail cost exceeds $13,000 per month.  The cost of each individual pill in 2017 was $530.92 which, when taken each of 21 days, exceeds the daily maximum allowance of $400.00 for each prescripted dose.

20.    The Seawells presented claims to Colonial for benefits relating to the charges they incurred for filling prescriptions for Ibrance, beginning in late 2016 and thereafter.

21.    In response to those claims, Colonial took the position, and continues to maintain the position, that the Policy covers the cost of the entire prescription in a multi-day dosage dispensation, and thus has reimbursed the Seawells only $400 per month in most months (except in the unusual months with two 28-day cycles, in which event the reimbursement is $800).

22.    The Seawells have sent at least one letter to Colonial objecting to Colonial's interpretation of the Policy and contending that the Seawells are entitled to the entire $1,200 monthly benefit.

23.    The Seawells bring this action on behalf of themselves and all persons similarly situated, defined as follows:

> All persons residing in the United States who were issued a cancer policy providing for coverage for Oral Chemotherapy Drugs, where (a) such policies were in force from July 15, 2016 to the date of final judgment in this action, and (b) under which coverages for Oral Chemotherapy Drugs are "limited to the cost of the prescription

for the day you have the prescription filled, up to the amount shown in the Schedule Page," and (c) *only* as to those persons whose policies are no longer in force as of the date of this action, such persons incurred costs for Oral Chemotherapy Drugs, made a claim under their policy for benefits, and Colonial refused to apply the monthly maximum in the Schedule Page in reimbursing a multi-day dosage dispensation of a prescription.

24.     The elements of Rule 23(a) are satisfied in that (a) the number of persons in such class are too numerous for individual joinder to be practicable; (b) there are common issues to the claims of all class members – specifically, the proper construction of the policy language quoted in the class definition and whether the phrases "the amount charged"  and "cost of the prescription for the day you have the prescription filled" means the per-day cost of a multi-day prescription as dispensed, i.e. $11,149.42, allocated over each daily dose but subject to a $400.00 daily maximum and $1,200.00 monthly maximum benefit (as the Seawells contend, and as the Policy Schedule says), or whether it covers only the "cost of the prescription" allocated solely to the dose to be taken on the day the prescription is filled, as Colonial apparently now argues; (c) the claims of the Seawells are typical of the claims of absent class members regarding the meaning of the relevant policy language, because all class members have the same policy language and schedule language; and (d) the Seawells and their counsel are adequate representatives for the absent class members.

25.     The elements of Rule 23(b)(2) and (b)(3) are also satisfied in this case.

        a.  As to Rule 23(b)(2), especially for class members who have policies in continuing force (such as the Seawells), Colonial has acted or refused to act with respect to the class as a whole, thereby making appropriate final injunctive and declaratory relief – specifically, relief in the form of a judicial construction of the relevant policy language. Any claims for money damages flowing from Colonial's improper conduct pursuant to its misinterpretation of the relevant

policy language is incidental, in that it will not require significant individual

factfinding and will be subject to computation using prescription data.

b.  As to Rule 23(b)(3): Common issues – specifically, the core issue of the proper

interpretation of the relevant policy language – predominates over any

individual issues, and the class-action mechanism is the superior procedural

vehicle for resolving and adjudicating all claims of class members who have

identical policy language.

## COUNT ONE – BREACH OF CONTRACT

26.     The Seawells reallege and incorporate by reference all prior allegations of the

Complaint, as if set forth fully herein.

27.     The Seawells and Colonial have a contract – the Policy – under which Colonial is

obligated to pay benefits for Oral Chemotherapy and Supportive/Protective Care Drugs, as set out

above.

28.     Colonial has breached the Policy by refusing to pay benefits in the amount of the

cost of the prescription for the oral chemotherapy drug (Ibrance).

29.     As a proximate result thereof, the Seawells have been and continue to be damaged,

in that they are entitled to reimbursement of the full $1,200 monthly cap for oral chemotherapy

benefits.

30.     Absent class members, like the Seawells, have in place (or have had in place)

policies covering Oral Chemotherapy Drug costs containing policy language substantially the

same as that of the Seawells.

31.     WHEREFORE, the Seawells, for themselves and the members of the class, demand

judgment against Colonial as follows:

a.  a declaratory judgment that coverage for Oral Chemotherapy Drugs extends "to the cost of the prescription for the day you have the prescription filled" – meaning that it separately covers days the for which the prescription is filled in multi-day dispensations;

b.  an injunction requiring Colonial to pay benefit claims for Oral Chemotherapy Drugs so that a multi-dose prescription covering multiple days is subject to multiple individual daily payments, subject to the monthly cap set forth in the Schedule Page;

c.  damages consisting of all money owed to the Seawells and class members under the reimbursement provisions of the Oral Chemotherapy Drugs, for all reimbursements owed from July 15, 2016 to the date of final judgment in this matter;

d.  costs, interest, attorneys' fees; and

e.  such further relief as may be just and equitable.

**DATE: JULY 15, 2022.**

Attorneys for Plaintiff

BY:    /s  Wilson F. Green
                 Attorney for Plaintiffs

**OF COUNSEL:**
**TOBIAS & COMER, LLC**
DESMOND V. TOBIAS (TOB002)
BRYAN E. COMER (COM015)
1203 Dauphin Street
Mobile, Alabama 36604
Telephone: (251) 432-5001
Facsimile: (251) 432-0714
bryan@tmclawyers.com

8

Henry R. Seawell, IV
**The Seawell Firm, LLC**
Post Office Box 40848
Mobile, Alabama 36640
Phone: (251) 434-5012
Facsimile: (251) 434-5013
hseawell@seawellfirm.com


Wilson F. Green (GRE067)
**Wilson F. Green LLC**
301 19th Street North, Ste. 525
        Birmingham, AL 35203
2620 6th Street Ste. 200
        Tuscaloosa, AL 35401
P.O. Box 2536
Tuscaloosa, Alabama 35403
(205) 722-1018
wilson@wilsongreenlaw.com


**SERVICE INFORMATION:**
Colonial Life & Accident Insurance Company
Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, AL 36104