IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **HENRY R. SEAWELL, III, *et al.*,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | CIV. ACT. NO. 1:22-cv-278-TFM-MU |
| ) | |
| **COLONIAL LIFE & ACCIDENT INS. CO.,** ) | |
| ) | |
| **Defendant.** ) | |

## ORDER

Pending before the Court is Plaintiffs' Motion to Certify Class and Memorandum in Support (Docs. 44, 45, filed 3/15/24). Defendant filed a response in opposition, and Plaintiffs filed a reply. Docs. 48, 52. After the motion for class certification was filed, on September 23, 2024, this Court entered an order granting summary judgment in favor of Defendant and dismissing all of Plaintiffs' claims. *See* Doc. 60. The Court also ordered the parties to submit supplemental briefing as to whether it should still issue a ruling on the class certification motion. Both parties submitted their respective supplemental briefs. Docs. 61, 63. Put simply, while they may not agree on the linguistics or terminology, both parties seem to agree the Court should not rule on the merits of the class certification motion. The Court now issues this order noting the contradictory caselaw on the resolution of class certification motions after a motion for summary judgment is granted.

As the Court noted in its original order, in *Martinez-Mendoza v. Champion Int'l Corp.*, 340 F.3d 1200, 1215-16 (11th Cir. 2003), the circuit court found that the district court erred by failing to address the class certification issue after granting summary judgment to the defendant on the merits of the named plaintiffs' claims. The circuit court found the district court incorrectly thought that the decision on summary judgment rendered the named plaintiffs unable to represent the class.

On remand, the circuit court explained as follows:

> As an appellate court, we are unable to review class certification decisions before they are made. . . . We must therefore remand the case to the district court for further proceedings. As we instructed the district court in *Satterwhite*, the court's first task will be to determine whether a case or controversy exists, as required by Article III, Section 3 of the United States Constitution. If a live controversy exists, the court must then determine whether the case is appropriate for class certification. If it is, the court must go on to decide whether any of the named plaintiffs are qualified to serve as class representative and, if not qualified, whether a member of the class is willing and qualified to serve as class representative.

*Id.* at 1216 (citing *Satterwhite v. City of Greenville*, 634 F. 2d 231 (5th Cir. Jan. 1981) (en banc) (plaintiffs capacity to act as a class representative is not ipso facto terminated upon losing on the merits)) (internal citation omitted).

In *Rink v. Cheminova*, 400 F.3d 1286 (11th Cir. 2005), the Eleventh Circuit upheld the district court's decision to exclude the putative class representatives' expert witnesses, as well as the resulting decision to grant summary judgment on the putative class representatives' individual claims, due to lack of proof of causation. *Id.* at 1288. The district court also denied the putative class representatives' motion for class certification, but the Eleventh Circuit declined to reach that issue on appeal, stating: "Because we have found that summary judgment was properly granted as to the underlying claims of the class representatives, the issue of class certification is moot." *Id.* at 1297 (citing *Telfair v. First Union Mortgage Corp.*, 216 F.3d 1333, 1343 (11th Cir. 2000)); *see also Boca Raton Cmty. Hosp., Inc. v. Tenet Health Care Corp.*, 582 F.3d 1227, 1234 n.4 (11th Cir. 2009) ("Because summary judgment was appropriate, Boca's challenge to the district court's denial of class certification is moot.").

Further, many courts in this circuit have denied class certification motions as moot where the named Plaintiff' claims are resolved against them on the merits prior to determination of class certification. *See, e.g.*, *Tuscumbia City Sch. Sys. v. Pharmacia Corp.*, Civ. Act. No. CV-12-S-332-

NW, 2015 WL 127467718, 2015 U.S. Dist. LEXIS 182581, at *30 (N.D. Ala. Sept. 1, 2015) (denying the motion for class certification as moot after granting defendant's motion for summary judgment as to all claims); *Nelson v. Experian Info. Sols., Inc.*, Civ. Act. No. 4:21-cv-894-CLM, 2023 WL 5284831, 2023 U.S. Dist. LEXIS 143328, at *21 (N.D. Ala. Aug. 16, 2023) ("Because the court is granting summary judgment in Experian's favor, the court will deny as moot [Plaintiff's] motion for class certification."); *Broussard-Wadkins v. Maples*, 895 F. Supp. 2d 1159, (N.D. Ala. 2012), *aff'd sub nom. Broussard-Wadkins v. Maples*, 535 F. App'x 825 (11th Cir. 2013) (denying as moot plaintiff's motion for class certification upon entry of summary judgment for defendant).

To state it plainly, the existing case law is contradictory as to whether this Court must consider the merits of Plaintiffs' motion for class certification once summary judgment has been granted in favor of the Defendant. While normally the rule is to follow an earlier panel's published opinion,[1] the present case is distinguishable from *Martinez-Mendoza*, as Plaintiffs point out, because in *Martinez-Mendoza* the plaintiff's appeal specifically requested a review of the denial of their motion to certify class.

The parties here agree that, in light of this Court's ruling on summary judgment, the Court should not consider the merits of the motion for class certification. *See* Doc. 61 at 6 ("Plaintiffs . . . are not asking this Court to adjudicate class certification before the case goes on appeal. [. . .] Plaintiffs here have no choice but to ask this Court to declare moot (and not to deny as moot, but rather simply to declare moot) the motion for class certification in light of its ruling on summary

---

[1] *Morrison v. Amway Corp.*, 323 F.3d 920, 929 (11th Cir. 2003) ("When faced with an intra-circuit split we must apply the 'earliest case' rule, meaning when circuit authority is in conflict, a panel should look to the line of authority containing the earliest case, because a decision of a prior panel cannot be overturned by a later panel.").

judgment . . ..”); Doc. 63 at 1 ("In this situation, where the named Plaintiffs' claims are resolved against them on the merits prior to determination of class certification, trial courts in this Circuit deny class certification motions as moot."). While Plaintiffs request that the Court declare the motion moot rather than deny the motion as moot, their request is a distinction without a difference. Denying the motion as moot is not a merits-based determination and, should the Eleventh Circuit reverse this Court's summary judgment ruling on appeal, this Court would simply permit Plaintiffs to refile their motion for class certification. Regardless, the parties agree that the issue of class certification is now moot. Because of the parties' agreement, and because of the overwhelming amount of caselaw that appears contrary to *Martinez-Mendoza*, the Court finds ruling on the class certification on the merits is inappropriate under the circumstances.

Accordingly, Plaintiffs' motion for class certification (Doc. 44) is **DENIED** as **MOOT**. This resolves all the remaining issues before the Court and a separate judgment will issue pursuant to Fed. R. Civ. P. 58.

**DONE** and **ORDERED** this 3rd day of December, 2024.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE